**UNITED STATES of America, Appellee,**

v.

**Edwin PAGAN, Defendant-Appellant.**

**No. 563, Docket 85–1322.**

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1985.

Decided March 4, 1986.

Robin Charlow, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant-appellant.

Deirdre M. Daly, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Bruce Green, Asst. U.S. Atty., S.D.N.Y., New York City, of counsel), for appellee.

Before TIMBERS, MESKILL and PRATT, Circuit Judges.

MESKILL, Circuit Judge:

Edwin Pagan appeals from the special assessments imposed in a judgment of conviction entered against him following a jury trial by the United States District Court for the Southern District of New York, Weinfeld, *J.*, on one count of conspiracy, in violation of 21 U.S.C. § 846 (1982), to violate 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B), and one count of distribution of heroin within one thousand feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1) and 845a and 18 U.S.C. § 2 (1982).

Affirmed.

Pagan does not dispute the validity of his convictions or the portion of his sentence that imposed two years imprisonment, six years special parole and three years probation. His appeal is confined to the trial court's imposition, pursuant to 18 U.S.C. § 3013 (Supp. II 1984),[1] of a fifty dollar spe-

1. § 3013. Special assessment on convicted persons

(a) The court shall assess on any person convicted of an offense against the United States—

cial assessment on each of the two counts against him. Pagan argues that the imposition of these assessments was procedurally and constitutionally improper. We address the procedural claim first.

During Pagan's sentencing proceedings on August 14, 1985, Judge Weinfeld included a special assessment of fifty dollars in the oral sentence on the distribution count, but neglected to include a similar assessment in the oral sentence on the conspiracy count. During a colloquy with the court immediately after pronouncement of sentence, defense counsel argued that the special assessment was improper in light of counsel's "understanding that Mr. Pagan is without any assets at the present time." Sentencing Tr. at 12. Judge Weinfeld responded that he believed the assessment was mandatory and that the proper procedure was for Pagan to apply for a waiver after imposition, but added that "I will check the statute and before I sign the judgment, if there is discretion in the Court, I will accept your statement and suspend the special assessment." *Id.* at 12–13. Defense counsel then argued that, regardless of the mandatory nature of the assessment, its application to an indigent defendant would violate the Constitution. Judge Weinfeld replied: "Well, that question you'll raise in the Court of Appeals. *If it is a mandatory provision, I'm going to impose it.* I'm not going to pass upon the constitutionality of it." *Id.* at 13 (emphasis added). The written judgment and probation/commitment order signed by Judge Weinfeld that same day out of Pagan's presence imposed a fifty dollar special assessment on each of the two counts.[2]

▮▮▮ Pagan argues that the imposition of the second special assessment in the judgment was a "variance" from the orally pronounced sentence. When a "variance" exists, the general rule is that the oral sentence controls. *United States v. Moyles*, 724 F.2d 29, 30 (2d Cir.1983). However, "[a] commitment order may properly serve the function of resolving ambiguities in orally pronounced sentences." *Id.* at 30–31 (citing *Payne v. Madigan*, 274 F.2d 702 (9th Cir.1960), *aff'd by an equally divided Court*, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961)). Because of concerns voiced by counsel at the sentencing proceedings, the oral sentence in this case left the question of special assessments open until such time as the judge could determine from the statute if the assessment was mandatory. The oral pronouncement regarding special assessments, taken as a whole, was ambiguous. It was not improper for the court to resolve that ambiguity in the judgment by clearly imposing special assessments as to both counts as required by section 3013. *Moyles*, 724 F.2d at 30.

▮▮▮ Furthermore, because the imposition of special assessments under section 3013 was mandatory, a sentence lacking such an assessment would have been illegal. It is well established that a trial court has the power to correct an illegal sentence. *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947); Fed.R.Crim.P. 35(a); *see United States v. DiFrancesco*, 449 U.S. 117, 134–36, 101 S.Ct. 426, 435–37, 66 L.Ed.2d 328 (1980). Although the correction should have been made in the defendant's presence, *Bartone v. United States*,

----

(1) in the case of a misdemeanor—
(A) the amount of $25 if the defendant is an individual; and
(B) the amount of $100 if the defendant is a person other than an individual; and
(2) in the case of a felony—
(A) the amount of $50 if the defendant is an individual; and
(B) the amount of $200 if the defendant is a person other than an individual.

(b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.
18 U.S.C. § 3013.

**2.** The original judgment was dated August 14, 1985 but not filed until August 22, 1985. An amended judgment, not different from the first in any way material here, was dated September 3, 1985 and filed September 4, 1985.

375 U.S. 52, 53, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963) (per curiam); Fed.R.Crim.P. 43(a), the trial court's failure to recall the defendant here was harmless error because the assessment was mandatory and, therefore, the defendant's presence could not have affected its imposition. *See generally United States v. Hasting*, 461 U.S. 499, 508–09, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983).

Thus, whether we characterize it as a clarification or a correction of the oral sentence, the district court's judgment here was proper.

■ We reject the notion, argued for the first time in Pagan's reply brief, that section 3013 can reasonably be construed to require the imposition of only one assessment on a given defendant at a time, no matter on how many counts he may have been convicted. Such a reading is illogical. If a defendant were simultaneously convicted on one misdemeanor and one felony, the clear language of 3013 would require separate $25 and $50 assessments. That being true, it cannot be supposed that Congress intended that the same defendant could be convicted simultaneously of several felonies and be subject to only a single $50 assessment. It is also unlikely that Congress would predicate the imposition of single or multiple assessments, based upon convictions for "an offense," upon the happenstance that an offense may be tried by itself or in combination with several other offenses. Furthermore, because money collected under section 3013 is paid into a Crime Victims Fund, Comprehensive Crime Control Act of 1984, § 1402(b)(2), Pub.L. No. 98–473, 1984 U.S.Code Cong. & Ad. News (98 Stat.) 1837, 2171, it is reasonable to conclude that Congress, aware that multiple offenses would often entail multiple victims, intended that there should be a separate assessment for each offense.

Relying heavily on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), Pagan next argues that the imposition of these mandatory assessments on him was unconstitutional because of his indigency. Pagan argues that section 3013 is irrational as applied to indigents and, therefore, violates due process, because the effort to extract money from indigents will result in a net loss to the government, contrary to the statute's money-raising purpose. He also argues that the addition of interest and penalties for non-payment due solely to indigency violates equal protection, presuming, as he does, that the interest and penalty provisions of 18 U.S.C. section 3565 are incorporated in section 3013. *See* 18 U.S.C. § 3013(b) ("Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.")

■ Even if we assume that the brief remark by Pagan's attorney during sentencing proceedings is enough to establish Pagan's indigency, his attack on section 3013 is not yet ripe for adjudication. As the *Bearden* Court made plain, "[a] defendant's poverty in no way immunizes him from punishment.... '[N]othing we now hold precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law.'" 461 U.S. at 669–70, 103 S.Ct. at 2071 (quoting *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970)). Thus, the imposition of assessments on an indigent, per se, does not offend the Constitution. Constitutional principles will be implicated here only if the government seeks to enforce collection of the assessments " 'at a time when [Pagan is] unable, through no fault of his own, to comply.' " *See United States v. Hutchings*, 757 F.2d 11, 14–15 (2d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 3511, 87 L.Ed.2d 640 (1985) (quoting *United States v. Brown*, 744 F.2d 905, 911 (2d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984) (citing *Bearden*)). That point has not yet been reached either as to the section 3013 assessments or as to any related interest or penalties.[3]

---

**3.** We note that section 3565(b)(1)(A) allows a court to defer payment of a fine "in the interest of justice." There is no indication in the record that Pagan has applied for such a deferment,

As is true for the assessments themselves, the mere imposition of interest against an indigent defendant raises no constitutional problems. *See Frazier v. Jordan*, 457 F.2d 726, 729 (5th Cir.1972) (citing *Williams v. Illinois*, 399 U.S. at 244, 90 S.Ct. at 2023)). It is at the point of enforced collection of the principal or additional amounts, where an indigent may be faced with the alternatives of payment or imprisonment, that he "may assert a constitutional objection on the ground of his indigency." *Hutchings*, 757 F.2d at 14–15.

Because the constitutional questions raised by Pagan are not yet ripe for adjudication, we will not decide them. *See Ashwander v. TVA*, 297 U.S. 288, 346–47, 56 S.Ct. 466, 482–83, 80 L.Ed. 688 (1936) (Brandeis, *J.*, concurring).

The judgment of the district court is affirmed.

which would at least postpone the imposition of any penalty for nonpayment. *See* 18 U.S.C.

§ 3565(c)(2) (penalties accrue only when fines are past due).