UNITED STATES of America, Appellee,

v.

José RIVERA–VELEZ, a/k/a "Cheo,"
Defendant, Appellant.

No. 87–1785.

United States Court of Appeals,
First Circuit.

Heard Feb. 1, 1988.

Decided Feb. 16, 1988.

David W. Roman with whom Gerardo Ortiz Del Rivero, San Juan, P.R., was on brief, for defendant, appellant.

Jose R. Gaztambide, Asst. U.S. Atty., with whom Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Appellant José Rivera–Velez pled guilty to a charge of possession of stolen material, 18 U.S.C. § 1708 (1982), and was sentenced by the district court to a five-year term of imprisonment which the court suspended. Rivera–Velez was placed on probation and the court imposed the special monetary assessment of $50 required by law, 18 U.S.C. § 3013 (Supp. II 1984).

Appellant challenges on appeal only the $50 special assessment, contending that imposition of a mandatory fine upon an indigent defendant violates the Constitution. It is not controverted that at the time of his being sentenced and, insofar as appears, at present, Rivera–Velez was and is indigent. There is no indication, however, that the government has attempted or will attempt to collect the special assessment while Rivera–Velez lacks the ability to pay.

The Second Circuit in *United States v. Pagan*, 785 F.2d 378, (2d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986), has upheld against constitutional attack the imposition of a similar special assessment under 18 U.S.C. § 3013 upon an indigent defendant. We agree with the Second Circuit. The mere existence during indigency of an outstanding penal liability does not violate a defendant's rights. Constitutional considerations will come into play "only if the government seeks to enforce collection of the assessments 'at a time when [the defendant is] unable, through no fault of his own, to comply.'" *Id.* at 381 (quoting *United States v. Hutchings*, 757 F.2d 11, 14–15 (2d Cir.1985)). *See also United States v. Atkinson*, 788 F.2d 900, 903–04 (2d Cir.1986). So long as Rivera–Velez remains indigent he has ample protections against being sanctioned improperly for non-payment, and, of course, his financial circumstances could improve over time.

*Affirmed.*