856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COOPER, Plaintiff-Appellant,
v.
UNITED STATES and Its Bureaucratic Agencies; Department of
Justice; Bureau of Prisons; Parole Commission,
Defendants-Appellees.
 No. 88-5217.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner moves for the appointment of counsel and appeals the district court's order dismissing his civil action for lack of standing and denying him leave to file a supplemental complaint. Cooper sought declaratory and injunctive relief in a suit challenging the constitutionality of two laws, 18 U.S.C. Sec. 3013, which provides for mandatory assessment of fines against federal offenders, and Bureau of Prisons Program Statement 5380.1, which encourages inmates to apply their prison income to such financial obligations. A magistrate recommended that the suit be dismissed unless the plaintiff amended his complaint to allege that the challenged laws had been applied to him and that he had standing to bring the suit. Plaintiff filed timely objections in which he did allege that the laws at issue had been applied to him. Subsequently, he attempted to amend his complaint, adding several defendants, changing the form of the action, adding several unrelated complaints, and requesting compensatory relief. The district court adopted the magistrate's report and recommendation, dismissed the complaint and denied leave to amend.
 
 
 3
 Upon consideration, we affirm for reasons other than that relied on by the district court. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). Plaintiff's objections established his standing to bring the suit, and the court erred in dismissing the case on that ground. However, we affirm the dismissal, as the case is frivolous and plaintiff could prove no set of facts which would entitle him to relief. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Regarding the assessments under 18 U.S.C. Sec. 3013, a constitutional issue arises only if the government seeks to enforce collection against indigent defendants. United States v. Rivera Velez, 839 F.2d 8 (1st Cir.1988); United States v. Pagan, 785 F.2d 378, 381 (2d Cir.), cert. denied, 107 S.Ct. 667 (1986). In this case, plaintiff is able to pay the assessment, as he is participating in the prison's Financial Responsibility Program. Plaintiff also alleged that he was coerced into participation in the program to avoid loss of various privileges. However, to the extent plaintiff has any liberty interest in such privileges, those interests may be impinged by prison regulations reasonably related to legitimate penological interests. Turner v. Safley, 107 S.Ct. 2254, 2259-63 (1987). The Financial Responsibility Plan is reasonably related to the legitimate goal of inmate rehabilitation. Furthermore, plaintiff has not attempted to resolve his objection to the program through administrative channels as required by Davis v. Keohane, 835 F.2d 1147 (6th Cir.1987).
 
 
 5
 Finally, we conclude the district court did not abuse its discretion in denying leave to file the amended complaint, as it was primarily concerned with unrelated events and would only have confused the record of this litigation. Cf. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 6
 Accordingly, the motion for appointment of counsel is denied and the order of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.