UNITED STATES of America,
Plaintiff–Appellee,

v.

George Franklin REYNOLDS, Jr.,
Defendant–Appellant.

No. 89–7409
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1990.

George Franklin Reynolds, Jr., Mobile, Ala., pro se.

Gloria A. Bedwell, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before KRAVITCH, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant brought a Rule 35(a) motion attacking the legality of the special parole term imposed by the district court for appellant's violation of 21 U.S.C. § 841(a). Reynolds had plead guilty to Count Two of an indictment which charged him with possession with intent to distribute approximately two (2) ounces of cocaine. The violation was alleged to have occurred on or about June 9, 1986. He was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) to six years imprisonment and to three years special parole.

Appellant's suit involves the intricacies and vagaries of the various amendments to 21 U.S.C. § 841(b) which Congress enacted in anticipation of their adopting the new Sentencing Guidelines. One of the significant features of the Sentencing Guidelines is that the parole system has been abolished. *United States v. Scroggins*, 880 F.2d 1204, 1208 (11th Cir.1989). The principal amendments involved in this case are the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, §§ 224(a), 235(a)(1), 501–503, 98 Stat. 1837, 2030–31, 2068–69 (1984), and the Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985). Appellant claims that § 224(a), 98 Stat. 1837, 2030 deleted those portions of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B) that pertain to the imposition of a special parole term as part of the sentence. While this claim is correct in part, what appellant fails to notice is that § 235(a)(1), 98 Stat. 1837, 2031 contains a saving provision which provides that the § 224(a) amendments were not to become effective until November 1, 1986. Section 4, 99 Stat. 1728 amended the effec-

tive date to November 1, 1987. Therefore, the special parole provision was in fact part of 21 U.S.C. § 841(b)(1)(B) in effect on June 9, 1986, the date of Reynolds' offense. Courts in other circuits have addressed this issue and reached a similar result. *See, e.g., United States v. McDaniel*, 844 F.2d 535, 536–37 (8th Cir.1988).

AFFIRMED.