**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin M. McGUIRE,
Defendant–Appellant.**

No. 89–5514.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1990.

Kevin M. McGuire, Eglin AFB, Fla., for defendant-appellant.

Bruce E. Lowe, Linda Collins–Hertz, Anthony Sanchez, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

## FACTS

On September 9, 1986, a boarding party from the Coast Guard cutter HARRIET LANE boarded the vessel OCEAN SAFARI in international waters, approximately 18 to 35 miles off the coast of Cuba. The Coast Guard officers boarded the vessel to conduct a safety and documentation inspection pursuant to 14 U.S.C.A. § 89(a). Appellant McGuire was one of two crew members on board the OCEAN SAFARI. While on board a member of the Coast Guard boarding party noticed a strong odor of marijuana coming from a storage locker in the aft part of the vessel. The ensuing search revealed a secret compartment just aft of the engine room which contained over 7,800 pounds of marijuana.

Appellant was indicted and ultimately convicted of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846 and 955c; possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 955a and 955c, and 18 U.S.C. § 2; conspiracy to import marijuana, in violation of 21 U.S.C. § 963; and importation of marijuana, in violation of 21 U.S.C. §§ 952, 960 and 963. The district court sentenced appellant to an eight year term of imprisonment for the count of conspiracy to possess with intent to distribute marijuana and a concurrent eight year term of imprisonment for the remaining convictions. The court imposed a special parole term of three years on the marijuana possession conviction and levied a special assessment of $50 on each count of the conviction for a total of $200.

Pursuant to Fed.R.Crim.P. 35(a), appellant filed a motion to correct an illegal sentence, in which he claimed that the cumulative special assessments "undid the concurrent sentence," that special parole should not have been imposed on him because it did not apply at the time he was sentenced, and that there was a disparity between the sentence he received and that of his co-defendants. The district court denied the motion without opinion. On appeal, appellant raises only the special assessment and special parole term issues.

## DISCUSSION

While somewhat obscure, appellant's claim with respect to the special assessment appears to be that by summing the $50 assessment for the multiple convictions where the related prison terms are to be served concurrently, a district court in effect transforms the concurrent sentences into consecutive sentences. This court has not previously considered the special assessment statute, 18 U.S.C. § 3013(a), with appellant's claim in mind; however, appellant has cited no case which supports his argument. In at least two prior decisions, this court affirmed such cumulative assessments where the district court had imposed a concurrent prison sentence. *See United States v. Roberson*, 897 F.2d 1092, 1097 (11th Cir.1990); *United States v. Cooper*, 870 F.2d 586 (11th Cir.1989) (concluding that the per count special assessment is mandatory and expressly adopting the reasoning of the Second Circuit in *United States v. Pagan*, 785 F.2d 378, 380–81 (2nd Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986)). In *Pagan*, the Second Circuit held that the per count assessment is constitutional and noted that Congress "intended that there should be a separate assessment for each offense." *Pagan*, 785 F.2d at 381. The court also noted that a sentence lacking the special assessment on each count would be an il-

legal sentence. *Id.* at 380. We conclude that *Pagan* and our cases were correctly decided. Therefore, the district court correctly assessed appellant $50 on each count of his conviction.

■ Appellant's second claim is that the district court erred in imposing a term of special parole since the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 224(a), 98 Stat. 1837, 2030–31 (1984), "deleted special parole terms as part of the punishment available for convictions pursuant to 21 U.S.C., 841, 955–63." In *United States v. Reynolds*, 897 F.2d 1091, 1091–92 (11th Cir.1990), we explained that § 235(a)(1), 98 Stat. 1837, 2031 contains a savings provision which suspends the effective date of the § 224(a) amendments until November 1, 1986. The Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985), amended the effective date to November 1, 1987. Appellant erroneously cites § 224(a) of the 1984 Act as applicable to 21 U.S.C. § 960. Section 225(a) of the 1984 Act contains the amendments to § 960. However, the same savings provisions discussed above are applicable to § 225(a). Therefore, on September 9, 1986, the time appellant committed the offenses of conviction, 21 U.S.C. § 960(b)(1) contained a special parole provision. A defendant is to be sentenced according to the law in effect on the date of the offense. *United States v. Burgess*, 858 F.2d 1512, 1513 (11th Cir.1988). The district court correctly imposed a term of special parole.

For the foregoing reasons, the decision of the district court is AFFIRMED.