# 2000 DTA 159

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ
PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

LUIS ANGEL FIRPO RUIZ

San Juan, Puerto Rico, a 20 de junio de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

López Vilanova, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Una vez intervenimos en un caso donde el foro recurrido, Hon. Fernando L. Torres Ramírez, se niega a conceder una vista para que un confinado pueda demostrarle su incapacidad económica para pagar la pena especial que impone la Ley 183.

El recurso se presentó el 2 de junio de 2000. El Procurador no ha comparecido. ■

Procedemos a resolver. Revocamos

### I

El Ministerio Público presentó cargos contra el aquí peticionario por los delitos de Infracción a los Artículos 404 y 412 de la Ley de Sustancias Controladas, 24 L.P.R.A. 2404, 2412.

En la fecha señalada para juicio, las partes presentaron un acuerdo de culpabilidad por los delitos imputados y una solicitud de que se impusiera la pena de dos (2) años en forma concurrente. Ello fue aceptado por el Tribunal. Dictó sentencia e impuso la pena de dos (2) años de reclusión en forma concurrente. Le impuso, además, el pago de trescientos dólares ($300.00) en cada cargo como pena especial bajo la Ley Núm. 183 aprobada el 29 de julio de 1998 (compensación a víctimas de delito). Posteriormente, el peticionario presentó una moción donde solicitó se celebrara una vista para demostrar al tribual que no cuenta con medios económicos suficientes para pagar la penalidad de $600.00 que se le impuso. El tribunal denegó de plano lo solicitado. Es de dicho dictamen que se recurre ante nos. Veamos la ley en controversia.

### II

Mediante la Ley 183, la Asamblea Legislativa interesa ampliar los derechos de las víctimas de delito,

proveyéndoles de compensaciones monetarias que de alguna forma ayuden a minimizar los gastos en que, como consecuencia del acto delictivo, se vieron obligadas a incurrir. Al respecto, la exposición de motivos de dicho estatuto señala que:

*"Nada en la vida puede preparar a un ser humano para la tragedia que significa convertirse en víctima o perder a un ser querido a manos de un criminal. La lucha para reconstruir su vida se torna más ardua aún cuando, en el afán de salvaguardar los derechos del acusado, la balanza de la justicia se inclina a su favor, convirtiéndose la víctima y sus familiares en víctimas del sistema. La falta de recursos, los gastos de viaje, alimentos y alojamiento, las ausencias no compensadas del área de trabajo, así como los gastos médicos y de funeral, contribuyen a que la investigación y el procesamiento criminal, así como la recuperación posterior, sean procesos angustiosos y frustrantes para la víctimas.*

*Esta Asamblea Legislativa considera preciso garantizar a las víctimas que, durante el procesamiento criminal de su agresor, tendrán el apoyo y la asistencia necesaria de manera que su entrada al sistema de. justicia criminal no constituya un trauma adicional. Esta legislación crea un programa fuerte y accesible con fondos destinados únicamente a proveer servicios y asistencia a las víctimas. A su vez, esta medida propone autorizar y conceder el pago de una compensación a las víctimas de determinados delitos que, como consecuencia directa de los delitos enumerados en esta Ley, sufran un daño corporal, enfermedad o la muerte. Asimismo, se podrán conceder estos beneficios a aquellas personas que sufran daños o mueran como resultado de un ataque al evitar o tratar evitar la comisión delito, al apresar o tratar apresar a un sospechoso de la comisión de un delito o al ayudar o tratar ayudar a un funcionario del orden público a llevar a cabo un arresto."*

De esta forma, indican los legisladores, se atiende el antiguo reclamo de brindar mayor protección *"... a las personas que más sufren como resultado directo del crimen: la víctima y sus familiares."* Id.

A tales fines, se creó un organismo administrativo -la Oficina de Compensación a Víctimas de Delito-, adscrito al Departamento de Justicia y facultado para autorizar y conceder a las personas directamente afectadas por alguno de los delitos señalados en la Ley, el pago de las compensaciones. Además, la Ley establece un fondo especial destinado exclusivamente a satisfacer las referidas compensaciones. Artículos 4 y 16 de la Ley.

Para nutrir los fondos del referido programa, la Ley 183 añadió el Artículo 49-C al Código Penal, 33 L.P.R. A. sec. 3214. En virtud de éste, los tribunales impondrán a todo convicto, además de la pena que se imponga por la comisión de delito, una pena monetaria equivalente a $100.00 ó $300.00 por cada delito menos grave o grave, respectivamente. Dicho artículo literalmente dispone:

*"Además de la pena que se imponga por la comisión de delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares por cada delito menos grave y trescientos (300) dólares por cada delito grave. La pena aquí [sic] dispuesta se pagará mediante los correspondientes sellos de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito."* Artículo 17 de la Ley 183.

De otra parte y con miras a compeler al pago de la aludida *"pena especial"*, la Ley 183 dispuso que, mientras no satisfagan la misma, los convictos serán inelegibles para los programas de desvío, tratamiento y rehabilitación establecidos por la Administración de Corrección ni al Programa de Hogares de Adaptación Social. Asimismo, para ser acreedores a los beneficios de bonificaciones por buena conducta, trabajo y estudio, o para cualificar para libertad a prueba, deberán haber satisfecho la pena especial dispuesta en el Artículo 49-C del Código Penal, *supra*. Artículos 18-21 de la Ley 183; Artículos 10-A (d) y 20 de la Ley Núm. 116 de 22 de julio de 1974, 4 L.P.R.A. secs. 1136a (d) y 1165; Artículo 3 (a) de la Ley Núm. 118 de 22 de julio de 1974, 4 L. P.R.A. sec. 1503; Artículo 2A de la Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1027a.

Con la aprobación de esta medida, los legisladores intentaron introducir en nuestro ordenamiento

disposiciones similares a las existentes en otras jurisdicciones estatales y a nivel federal en el *"Victims of Crime Act of 1984"*, Pub. L. 98-473, Title II. Una simple lectura de esta última, demuestra que fue el modelo utilizado al adoptar la Ley 183. En consecuencia, el esquema administrativo en ambas legislaciones es muy similar. El estatuto federal crea una Oficina para Víctimas del Crimen *("Office for Victims of Crime")*, adscrita al Departamento de Justicia federal, así como un fondo especial destinado a suplir compensaciones a las víctimas. 42 U.S.C. secs. 10601-10607. Las partidas que nutren este fondo vienen de diversos programas federales y de las multas impuestas, a tal efecto, a los convictos.

El artículo 49-C, *supra,* tiene su origen en la sección 1405 del referido estatuto federal, 18 U.S.C. sec. 3013. A tenor con esta disposición --al igual que con la nuestra--, la imposición de la pena monetaria a todo convicto es mandatoria. Es de notar que el inciso (e) de la sección 3013 dispone un término de caducidad para dicha obligación: *"[t]he obligation to pay an assesstment ceases five years after the day of the judgment."*

A diferencia de la Ley 183, el *"Victims of Crime Act"* contiene disposiciones expresas en protección de los indigentes. Esta proscribe, tanto la encarcelación de una persona fundamentada únicamente en su incapacidad económica para satisfacer la pena monetaria impuesta, como que se le imponga la reclusión penitenciaria como alternativa al pago de las mismas. 18 U.S.C. secs. 3572 (e) y 3614 (c). Permite, sin embargo, que se re-sentencie a aquellos convictos que *"voluntariamente"* se nieguen a satisfacer la pena monetaria. Obviamente, el convicto indigente no puede ser resentenciado. *Id.* sec. 3614 (a) y (b). Adviértase que ni la ley federal ni la doctrina constitucional que fundamenta la misma, impide que se le impongan penas monetarias a los indigentes. Lo que proscribe es que se les encarcele por su incapacidad económica para satisfacer las penas.

De otra parte, se ha resuelto que la imposición de una pena monetaria a un convicto indigente, no viola, por sí misma, los derechos constitucionales de éste. *U. S. v. Rivera-Vélez,* 839 F 2d 8 (1st Cir. 1988); *U.S. v. Pagán,* 785 F. 2d 3781 381 (2d Cir. 1986); *U.S. v. Hutchings,* 757 F.2d 11, 14 (2d Cir. 1985). En *Rivera-Vélez* y *Pagán* se impugnó la imposición de una pena al amparo de la sección 3013 del *"Victims of Crime Act"*, alegando que, siendo indigentes, dicha imposición violaba los derechos constitucionales de los convictos. Se determinó que tales derechos se verían afectados si el Estado insiste en requerir el pago de las penas en el momento en que los convictos carecen de los recursos económicos para ello. A tal efecto, se señaló:

*"Nothing we now holds preclude a judge from imposing on a indigent, as any defendant, the maximun penalty prescribed by law ... Thus, the imposition of assessments on an indigent, per se, does not offend the Constitution. Constitutional principles will be implicated here only if the government seeks to enforce collection of assessments at a time when he is unable, through not fault of his own, to comply."* U.S. v. Pagán, supra. (Citas omitidas).

### III

A tenor con la normativa antes expuesta, forzoso es concluir que la súplica que nos formula el peticionario no es irrazonable. Este solicita que le ordenemos al foro recurrido celebre una vista para probar su indigencia. El peticionario expuso por escrito ante el foro de instancia razones específicas que le impiden pagar. Detalló, además, que no recibe bonificación mientras no pague y que la pena se le computó en años naturales. Ello no es así para los convictos que pueden pagar. (Véase, Anejo XI, pág. 11).

Ante este reclamo específico, el foro recurrido (Hon. Fernando Torres Ramírez, J.), determinó de plano *"No Ha Lugar"*. Incidió.

Una vez más no alcanzamos a ver la reiterada negativa del Tribunal de Primera Instancia, Sala de Mayagüez, a celebrar una vista en estos casos. Más aún, cuando el propio Procurador General no la ha objetado en las decenas de casos en que la misma controversia se ha traído ante este Tribunal.

No hemos encontrado, ni se nos ilustra tampoco, justificación objetiva alguna a la negativa del juez de

instancia a escuchar la prueba que ruega la defensa se le permita exponer.

El reclamo del peticionario no es infundado. Reclama que no tiene dinero para pagar. Negarle la oportunidad de demostrarlo no sólo es injusto, sino arbitrario.

Se revoca la resolución recurrida.

Se ordena al Tribunal de Primera Instancia celebre de inmediato la vista que se solicita.

Notifíquese inmediatamente a las partes y al tribunal recurrido, vía facsímil, además de la vía ordinaria.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General