# 2000 DTA 170

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

LUIS A. VELEZ ALICEA
Peticionario

EL PUEBLO DE PUERTO RICO
Recurrido

v.

LUIS SANCHEZ AYALA
Peticionario

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JOSUE BABILONIA RIVERA
Peticionario

EL PUEBLO DE PUERTO RICO
Recurrido

v.

MIGUEL PEREZ TERRON

Peticionario

## EL PUEBLO DE PUERTO RICO
Recurrido

v.

## DANIEL GUTIERREZ LUGO
Peticionario

Núms. KLCE-2000-00607/KLCE-2000-00611/KLCE-2000-00619
KLCE-2000-00631/KLCE-2000-00639

San Juan, Puerto Rico, a 27 de junio de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

López Vilanova, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los peticionarios de epígrafe --todos representados por la Sociedad Para Asistencia Legal--, comparecieron por separado ante este Tribunal mediante recursos de *certiorari* presentados oportunamente.

En todos los recursos, se plantea exactamente la misma controversia y se señalan los mismos errores. Los alegatos son idénticos y el reclamo es el mismo. Los consolidamos y procedemos a resolver.

### I

Una vez más, se recurre ante nos de un dictamen emitido por el foro recurrido, Hon. Fernando L. Torres Ramírez, J., que se niega a conceder una vista para que un confinado pueda demostrarle que no cuenta con dinero para pagar la pena especial impuesta por dicho foro.

### II

Los recursos ante nos se presentaron los días 6, ■ 7, ■ 8, ■ 9, ■ y 11 ■ de junio de 2000, respectivamente.

El Procurador General no ha comparecido. ▮ Evaluado el reclamo de los peticionarios, forzoso es concluir que el foro recurrido incidió. Revocamos.

## III

Relación de Hechos:

### 1. Núm. KLCE-2000-00607

El Ministerio Público presentó cargos contra Luis A. Vélez Alicea. Luego de una alegación de culpabilidad preacordada, el juez dictó sentencia y le impuso una pena de tres (3) años de reclusión por infracción al Artículo 168 del Código Penal, seis (6) meses por infracción al Artículo 165 del Código Penal, y diez (10) días por el delito de desacato. Además, ordenó el pago de la penalidad especial que dispone la Ley Núm. 183 de 29 de julio de 1998, por la cantidad de $500. El 21 de enero de 2000, el peticionario solicitó mediante Moción que el Tribunal reconsiderara la imposición de la pena especial. Solicitó que se celebrara una vista evidenciaria para ofrecer prueba relacionada a su indigencia y la forma en que está afectado en la institución penal al no poder pagar la pena especial. La misma fue declarada no ha lugar mediante resolución notificada el 11 de mayo de 2000.

### 2. Núm. KLCE-2000-00611

El Ministerio Público presentó cargos contra Luis Sánchez Ayala. Luego de una alegación de culpabilidad preacordada, el juez dictó sentencia y le impuso una pena de diez (10) años de reclusión por tres cargos de infracción al Artículo 401 de la Ley de Sustancias Controladas y ordenó el pago de la penalidad especial que dispone la referida Ley Núm. 183 por la cantidad total $900. El 28 de diciembre de 1999, el peticionario solicitó mediante Moción que se celebrara una vista evidenciaria para ofrecer prueba en relación a su indigencia y la forma en que está afectado en la institución penal al no poder pagar la pena especial. La misma fue declarada no ha lugar mediante resolución notificada el 11 de mayo de 2000.

### 3. Núm. KLCE-2000-00619

El Ministerio Público presentó cargos contra Josué Babilonia Rivera. Luego de una alegación de culpabilidad preacordada, el juez dictó sentencia y le impuso una pena de cuatro (4) años de reclusión por infracción al Artículo 404 de la Ley de Sustancias Controladas y ordenó el pago de la penalidad especial que dispone la referida Ley Núm. 183 por la cantidad de $300. El 15 de febrero de 2000, el peticionario presentó una Moción en la cual solicita se reconsidere la sentencia impuesta en lo referente al pago de la pena especial y solicitó que se celebrara una vista evidenciaria para ofrecer prueba en relación a su indigencia y la forma en que está afectado en la institución penal al no poder pagar la pena especial. La misma fue declarada no ha lugar mediante resolución notificada el 17 de mayo de 2000.

### 4. Núm. KLCE-2000-00631

El ministerio Público presentó cargos contra Miguel Pérez Terrón. Luego de una alegación preacordada, le impuso una pena de cinco (5) años de reclusión por el Artículo 95 del Código Penal y un año por infracción al Artículo 4 de la Ley de Armas, a cumplirse de forma concurrente y consecutivas con las otras penas que se encuentra cumpliendo. Ordenó el pago en sello de rentas internas por la penalidad especial que dispone la Ley 183, aquí en controversia, por la cantidad de $400. (Anejo I). Al día siguiente se presentó moción solicitando vista de indigencia para que se le eximiera del pago de la penalidad especial por ser indigente. El 10 de mayo de 2000, el Tribunal de Primera Instancia emitió resolución y la declaró no ha lugar. La misma fue notificada el 24 de mayo de 2000.

## 5. Núm. KLCE-2000-00639

El Ministerio Público presentó cargos contra Daniel Gutiérrez Lugo. Luego de una alegación de culpabilidad preacordada, el juez dictó sentencia y le impuso una pena de cuatro y medio (4 1/2) años de reclusión por infracción al Artículo 168 del Código Penal. Además, ordenó el pago de la penalidad especial que dispone la referida Ley Núm. 183 por la cantidad de $300. El 29 de marzo de 2000, el peticionario solicitó mediante Moción que el Tribunal reconsiderara la imposición de la pena especial. Solicitó que se celebrara una vista evidenciaria para ofrecer prueba relacionada a su indigencia y la forma en que está afectado en la institución penal al no poder pagar la pena especial. La misma fue declarada no ha lugar mediante resolución notificada el 11 de mayo de 2000.

De todos estos dictámenes, se recurre ante nos. Veamos la Ley en controversia.

### IV

Mediante la Ley 183, la Asamblea Legislativa interesa ampliar los derechos de las víctimas de delito, proveyéndoles de compensaciones monetarias que de alguna forma ayuden a minimizar los gastos en que, como consecuencia del acto delictivo, se vieron obligadas a incurrir. Al respecto, la exposición de motivos de dicho estatuto señala que:

*"Nada en la vida puede preparar a un ser humano para la tragedia que significa convertirse en víctima o perder a un ser querido a manos de un criminal. La lucha para reconstruir su vida se torna más ardua aún cuando, en el afán de salvaguardar los derechos del acusado, la balanza de la justicia se inclina a su favor, convirtiéndose la víctima y sus familiares en víctimas del sistema. La falta de recursos, los gastos de viaje, alimentos y alojamiento, las ausencias no compensadas del área de trabajo, así como los gastos médicos y de funeral, contribuyen a que la investigación y el procesamiento criminal, así como la recuperación posterior, sean procesos angustiosos y frustrantes para la víctimas.*

*.....*

*Esta Asamblea Legislativa considera preciso garantizar a las víctimas que, durante el procesamiento criminal de su agresor, tendrán el apoyo y la asistencia necesaria de manera que su entrada al sistema de justicia criminal no constituya un trauma adicional. Esta legislación crea un programa fuerte y accesible con fondos destinados únicamente a proveer servicios y asistencia a las víctimas. A su vez, esta medida propone autorizar y conceder el pago de una compensación a las víctimas de determinados delitos que, como consecuencia directa de los delitos enumerados en esta Ley, sufran un daño corporal, enfermedad o la muerte. Asimismo, se podrán conceder estos beneficios a aquellas personas que sufran daños o mueran como resultado de un ataque al evitar o tratar evitar la comisión delito, al apresar o tratar apresar a un sospechoso de la comisión de un delito o al ayudar o tratar ayudar a un funcionario del orden público a llevar a cabo un arresto."*

De esta forma, indican los legisladores, se atiende el antiguo reclamo de brindar mayor protección *"...a las personas que más sufren como resultado directo del crimen: la víctima y sus familiares." Id.*

A tales fines, se creó un organismo administrativo -la Oficina de Compensación a Víctimas de Delito-, adscrito al Departamento de Justicia y facultado para autorizar y conceder a las personas directamente afectadas por alguno de los delitos señalados en la Ley, el pago de las compensaciones. Además, la Ley establece un fondo especial destinado exclusivamente a satisfacer las referidas compensaciones. Artículos 4 y 16 de la Ley.

Para nutrir los fondos del referido programa, la Ley 183 añadió el Artículo 49-C al Código Penal, 33 L.P.R. A. sec. 3214. En virtud de éste, los tribunales impondrán a todo convicto, además de la pena que se imponga por la comisión de delito, una pena monetaria equivalente a $100.00 o $300.00 por cada delito menos grave o grave, respectivamente. Dicho artículo literalmente dispone:

*"Además de la pena que se imponga por la comisión de delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave. La pena aquí [sic] dispuesta se pagará mediante los correspondientes sellos de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito.*

*Artículo 17 de la Ley 183.*

*De otra parte y con miras a compeler al pago de la aludida "pena especial", la Ley 183 dispuso que, mientras no satisfagan la misma, los convictos serán inelegibles para los programas de desvío, tratamiento y rehabilitación establecidos por la Administración de Corrección ni al Programa de Hogares de Adaptación Social. Asimismo, para ser acreedores a los beneficios de bonificaciones por buena conducta, trabajo y estudio, o para cualificar para libertad a prueba, deberán haber satisfecho la pena especial dispuesta en el Artículo 49-C del Código Penal, supra. Artículos 18-21 de la Ley 183; Artículos 10-A (d) y 20 de la Ley Núm. 116 de 22 de julio de 1974, 4 L.P.R.A. secs. 1136a (d) y 1165; Artículo 3 (a) de la Ley Núm. 118 de 22 de julio de 1974, 4 L. P.R.A. sec. 1503; Artículo 2A de la Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1027a."*

Con la aprobación de esta medida, los legisladores intentaron introducir en nuestro ordenamiento disposiciones similares a las existentes en otras jurisdicciones estatales y a nivel federal en el *"Victims of Crime Act of 1984"*, Pub. L. 98-473, Title II. Una simple lectura de esta última, demuestra que fue el modelo utilizado al adoptar la Ley 183. En consecuencia, el esquema administrativo en ambas legislaciones es muy similar. El estatuto federal crea una Oficina para Víctimas del Crimen *("Office for Victims of Crime")*, adscrita al Departamento de Justicia federal, así como un fondo especial destinado a suplir compensaciones a las víctimas. 42 U.S.C. seca. 10601-10607. Las partidas que nutren este fondo vienen de diversos programas federales y de las multas impuestas, a tal efecto, a los convictos.

El artículo 49-C, *supra*, tiene su origen en la sección 1405 del referido estatuto federal, 18 U.S.C. sec. 3013. A tenor con esta disposición --al igual que con la nuestra--, la imposición de la pena monetaria a todo convicto es mandatoria. Es de notar que el inciso (c) de la sección 3013 dispone un término de caducidad para dicha obligación: *"[t]he obligation to pay an assestment ceases five years after the day of the judgment."*

A diferencia de la Ley 183, el *"Victims of Crime Act"* contiene disposiciones expresas en protección de los indigentes. Esta proscribe, tanto la encarcelación de una persona fundamentada únicamente en su incapacidad económica para satisfacer la pena monetaria impuesta, como que se le imponga la reclusión penitenciaria como alternativa al pago de las mismas. 18 U.S.C. secs. 3572 (e) y 3614 (c). Permite, sin embargo, que se re-sentencie a aquellos convictos que *"voluntariamente"* se nieguen a satisfacer la pena monetaria. Obviamente, el convicto indigente no puede ser resentenciado. *Id.*, sec. 3614 (a) y (b). Adviértase que ni la ley federal ni la doctrina constitucional que fundamenta la misma impide que se le impongan penas monetarias a los indigentes. Lo que proscribe es que se les encarcele por su incapacidad económica para satisfacer las penas.

De otra parte, se ha resuelto que la imposición de una pena monetaria a un convicto indigente, no viola, por sí misma, los derechos constitucionales de éste. *U. S. v. Rivera-Vélez*, 839 F 2d 8 (1st Cir. 1988); *U.S. v. Pagán*, 785 F. 2d 378, 381 (2d Cir. 1986); *U.S. v. Hutehings*, 757 F.2d 11, 14 (2d Cir. 1985). En *Rivera-Vélez* y *Pagán* se impugnó la imposición de una pena al amparo de sección 3013 del *"Victims of Crime Act"*, alegando que, siendo indigentes, dicha imposición violaba los derechos constitucionales de los convictos. Se determinó que tales derechos se verían afectados si el Estado insiste en requerir el pago de las penas en el momento en que los convictos carecen de los recursos económicos para ello. A tal efecto, se señaló:

*"Nothing we now holds preclude a judge from imposing on a indigent, as any defendant, the maximun penalty prescribed by law ... Thus, the imposition of assessments on an indigent, per se, does not offend the Constitution. Constitutional principles will be implicated here only if the government seeks to enforce collection of assessments at a time when he is unable, through not fault of his own, to comply." U. S. v. Pagán, supra.* (Citas omitidas).

## V

A tenor con la normativa antes expuesta, forzoso es concluir que la súplica que nos formulan los peticionarios no es irrazonable. Nos solicitan que le ordenemos al foro recurrido celebre una vista para probar su indigencia. Los peticionarios expusieron por escrito ante el foro de instancia razones específicas que le impiden pagar. Los peticionarios no recibirán bonificación mientras no paguen. La pena impuesta se les computará en años naturales. Ello no es así para los convictos que pueden pagar.

Ante todos los reclamos específicos de los peticionarios, el foro recurrido (Hon. Fernando Torres Ramírez, J.), determinó de plano *"No Ha Lugar"*. Incidió.

Una vez más, no alcanzamos a ver la reiterada negativa del Tribunal de Primera Instancia, Sala de Mayagüez, a celebrar una vista en estos casos. Más aún, cuando el propio Procurador General no la ha objetado en las decenas de casos en que la misma controversia se ha traído ante este Tribunal.

No hemos encontrado, ni se nos ilustra tampoco, justificación objetiva alguna a la negativa del juez de instancia a escuchar la prueba que ruega la defensa se le permita exponer.

El reclamo de los peticionarios no es infundado. No tienen dinero para pagar. Negarle la oportunidad de demostrarlo, no sólo es injusto, sino totalmente arbitrario.

Se revocan las resoluciones recurridas.

Se ordena al Tribunal de Primera Instancia celebre de inmediato la vista que se solicita en cada uno de los casos de epígrafe.

Notifíquese inmediatamente a las partes y al tribunal recurrido, vía facsímil, además de la vía ordinaria.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

<div align="right">

Aida Ileana Oquendo Graulau
Secretaria General