*633 TEXTO COMPLETO DE LA SENTENCIA
Edwin Borreró Leandry recurre del dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (Hon. Femando Torres Ramírez, Juez), que se negó a celebrar una vista a los fines de que el aquí peticionario pudiera acreditar su indigencia para sufragar la pena especial que se le impuso. El 28 de septiembre de 2000, ordenamos la comparecencia del Procurador General mediante escrito de mostrar causa. El Procurador General compareció. Con el beneficio de su comparecencia, resolvemos revocar el dictamen recurrido, proveer conforme solicitado y recomendar al Tribunal de Primera Instancia examinar la Ley 195 del 25 agosto de 2000, la cual dispone como aquí resolvemos.
I
El peticionario Edwin Borrero Leandry fue acusado de Infracción a los artículos 166 y 173 del Código Penal.
El 24 de marzo de 2000, en la fecha señalada para juicio, las partes presentaron un acuerdo de culpabilidad para que el Artículo 173 sea rebajado a 166. El tribunal aceptó la alegación de culpabilidad. El acusado renunció al informe pre-sentencia. El tribunal le impuso una pena de seis años de cárcel en cada caso a cumplirse concurrentemente. Lo eximió del pago de las costas y le impuso el pago de $600.00 por la penalidad especial de compensación a víctimas que dispone la Ley 183 de 1998.
El 27 de marzo de 2000, la defensa presentó moción solicitando vista de indigencia para que por su condición de pobreza se exima al convicto del pago del arancel bajo la Ley 183 de 1998. Expuso que el convicto es una persona desempleada, está cumpliendo prisión, no tiene ahorros ni propiedades, ni otra capacidad económica para satisfacer los aranceles impuestos. Fundamentó su petición en las decisiones de este Honorable Tribunal de Circuito de Apelaciones ordenando las vistas de indigencia.
El 27 de julio de 2000, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de la defensa para que se celebre la vista de indigencia, resolución aquí recurrida.
II
Mediante la Ley 183, la Asamblea Legislativa interesa ampliar los derechos de la víctimas de delito, proveyéndoles de compensaciones monetarias que de alguna forma ayuden a minimizar los gastos en que, como consecuencia del acto delictivo, se vieron obligadas a incurrir.
Para nutrir los fondos del referido programa, la Ley 183 añadió el Artículo 49-C al Código Penal, 33 L.P.R. A. see. 3214. En virtud de éste, los tribunales impondrán a todo convicto, además de la pena que se imponga por la comisión de delito, una pena monetaria equivalente a $100.00 ó $300.00 por cada delito menos grave o grave, respectivamente. Dicho artículo literalmente dispone:

Además de la pena que se imponga por la comisión de delito, el tribunal impondrá a todo convicto una pena especial equivalente a cien (100) dólares, por cada delito menos grave y trescientos (300) dólares por cada delito grave. La pena aquí [sic] dispuesta se pagará mediante los correspondientes sellos de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. ”

Artículo 17 de la Ley 183.
De otra parte y con miras a compeler al pago de la aludida "pena especial", la Ley 183 dispuso que, mientras no satisfagan la misma, los convictos serán inelegibles para los programas de desvío, tratamiento y rehabilitación establecidos por la Administración de Corrección, ni al Programa de Hogares de Adaptación Social. Asimismo, para ser acreedores a los beneficios de bonificaciones por buena conducta, trabajo y estudio, *634 o para cualificar para libertad a prueba, deberán haber satisfecho la pena especial dispuesta en el Artículo 49-C del Código Penal, supra. Artículos 18-21 de la Ley 183; Artículos 10-A (d) y 20 de la Ley Núm. 116 de 22 de julio de 1974,4 L.P.R.A. secs. 1136a (d) y 1165; Artículo 3 (a) de la Ley Núm. 118 de 22 de julio de 1974,4 L. P.R.A. see. 1503; Artículo 2A de la Ley Núm. 259 de 3 de abril de 1946, 34 L.P.R.A. sec. 1027a.
Con la aprobación de esta medida, los legisladores intentaron introducir en nuestro ordenamiento disposiciones similares a las existentes en otras jurisdicciones estatales y a nivel federal en el "Victims of Crime Act of 1984", Pub. L. 98-473, Title II. Una simple lectura de esta última demuestra que fue el modelo utilizado al adoptar la Ley 183. En consecuencia, el esquema administrativo en ambas legislaciones es muy similar. El estatuto federal crea una Oficina para Víctimas del Crimen ("Office for Victims of Crime"), adscrita al Departamento de Justicia federal, así como un fondo especial destinado a suplir de compensaciones a las víctimas. 42 U.S.C. sees. 10601-10607. Las partidas que nutren este fondo vienen de diversos programas federales y de las multas impuestas, a tal efecto, a los convictos.
El artículo 49-C, supra, tiene su origen en la sección 1405 del referido estatuto federal, 18 U.S.C. see. 3013. A tenor con esta disposición -al igual que con la nuestra-, la imposición de la pena monetaria a todo convicto es mandatoria. Es de notar que el inciso (c) de la sección 3013 dispone un término de caducidad para dicha obligación: "[tjhe obligation to pay an assessment ceases five years after the day of the judgment."
El "Victims of Crime Act" contiene disposiciones expresas en protección de los indigentes. Esta proscribe, tanto la encarcelación de una persona fundamentada únicamente en su incapacidad económica para satisfacer la pena monetaria impuesta como que se le imponga la reclusión penitenciaria como alternativa al pago de las mismas. 18 U.S.C. sees. 3572 (e) y 3614 (c). Permite, sin embargo, que se re-sentencie a aquellos convictos que "voluntariamente" se nieguen a satisfacer la pena monetaria. Obviamente, el convicto indigente no puede ser re-sentenciado. Id. see. 3614 (a) y (b). Adviértase que ni la ley federal ni la doctrina constitucional que fundamenta la misma impide que se le impongan penas monetarias a los indigentes. Lo que proscribe es que se les encarcele por su incapacidad económica para satisfacer las penas.
De otra parte, se ha resuelto que la imposición de una pena monetaria a un convicto indigente no viola, por sí misma, los derechos constitucionales de éste. U. S. v. Rivera-Vélez, 839 F 2d 8 (1st Cir. 1988); U.S. v. Pagán, 785 F. 2d 378, 381 (2d Cir. 1986); U.S. v. Hutchings, 757 F.2d 11, 14 (2d Cir. 1985). En Rivera-Vélez y Pagán se impugnó la imposición de una pena al amparo de sección 3013 del " Victims of Crime Act", alegando que, siendo indigentes, dicha imposición violaba los derechos constitucionales de los convictos. Se determinó que tales derechos se verían afectados si el Estado insiste en requerir el pago de las penas en el momento en que los convictos carecen de los recursos económicos para ello. A tal efecto, se señaló:
“Nothing we now holds preclude a judge from imposing on a indigent, as any defendant, the maximun penalty prescribed by law... Thus, the imposition of assessments on an indigent, per se, does not ojfend the Constitution. Constitutional principles will be implicated here only if the government seeks to enforce collection of assessments at a time when he is unable, through not fault of his own, to comply.” U. S. v. Pagán, supra. (Citas omitidas).
Ill
A tenor con la normativa antes expuesta, forzoso es concluir que, una vez más, incidió el foro recurrido al denegar la vista solicitada. No alcanzamos a entender la reiterada negativa del Tribunal a celebrar una vista para que un confinado tenga la oportunidad de demostrar que es indigente.
Más aún, la ley vigente ordena que se celebre una vista de forma tal que el Tribunal, probada la indigencia de un convicto, pueda eximirle del pago de la cancelación del comprobante. Véase Ley número 195 de 25 agosto de 2000.
*635 Por lo antes expuesto, se revoca el dictamen recurrido. SE ORDENA al Tribunal de Instancia celebrar la vista que aquí se solicita.
Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General