

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2004

# USA v. Marchese

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Marchese" (2004). *2004 Decisions.* Paper 1056.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1056

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

Case No: 03-1452

UNITED STATES OF AMERICA

v.

DANIEL G. MARCHESE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 94-226)
District Judge: The Honorable Alan N. Bloch

_____

Submitted Pursuant to LAR 34.1

January 9, 2004

BEFORE: BARRY and SMITH, *Circuit Judges*, and POLLAK, *District Judge*.*

(Filed:      January 30, 2004                    )

_____

* The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Appellant Daniel G. Marchese challenges an order issued by the District Court on February 6, 2003, which amended his sentence with respect to the payment of restitution. Marchese contends that the District Court's action in modifying his sentence violates his right to be protected from double jeopardy.[1] Because the District Court acted in accordance with 18 U.S.C. § 3663(g) in amending the restitution order following Marchese's failure to comply with the terms of the original order, we will affirm the District Court.

I.

On May 12, 1995, Marchese was sentenced to 108 months incarceration, followed by three years of supervised release for violating 26 U.S.C. § 5861(d) (possession of an unregistered firearm) and 18 U.S.C. § 2 (aiding and abetting). Marchese was also ordered to make restitution to the victim of his crime. In his oral sentence, the District Judge

_____

[1]    The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We undertake a plenary review of claims of double jeopardy. *Ruggiano v. Reish*, 307 F.3d 121, 126-27 (3d Cir. 2002); *United States v. Rice*, 109 F.3d 151, 153 (3d Cir. 1997); *United States v. Aguilar*, 849 F.2d 92, 95 (3d Cir. 1988). We exercise plenary review over whether an award of restitution is permitted under the law, but we review specific awards for abuse of discretion. *United States v. Graham*, 72 F.3d 352, 355 (3d Cir. 1995).

stated,

> I will make a finding that the victim is Mr. Schindehette and that the
> amount of loss is $4,199. I will order that the Probation Office determine
> what prison funds the defendant does earn and that half of those funds be
> used to make restitution, whatever that might amount to.

The written order of restitution issued the same day in conjunction with the oral order

confirmed that "[o]ne-half of all of the defendant's prison wages are to be paid as

restitution to Brian Schindehette," and listed $4,199 as the "amount of restitution." The

written order also contained standard language which provided that, "it shall be a

condition of supervised release that the defendant pay any such restitution that remains

unpaid at the commencement of the term of supervised release." Rule 4 of the Standard

Conditions of Supervision, which are also set out in the written order, instructs that "the

defendant shall . . . follow the instructions of the probation officer."[2]

While Marchese was incarcerated, a total of $430.25 was deducted from his prison

wages for restitution. After Marchese was released, his probation officer instructed him

---

[2]     At the time the original sentencing order was issued, probation officers routinely
established restitution payment schedules following release from prison. As the District
Court discussed in the February 6, 2003 proceeding, in the years since the original
sentencing order was rendered, this Court announced that district judges, and not
probation officers, must determine the timing of restitution installment payments. *United
States v. Graham*, 72 F.3d 352, 357 (3d Cir. 1995). Recognizing this development, the
District Court elected not to find a violation of Marchese's supervised release for his
failure to comply with the probation officer's instructions regarding payment of
restitution, and instead amended the original sentencing order to include a schedule of
post-release restitution payments. This approach was appropriate given the change in the
law under *Graham* and the fact that Marchese had been on notice since the date of his
original sentence that he was obliged to pay $4,199 in restitution to the victim.

to pay $111 per month in restitution. When Marchese failed to make the restitution payments, his probation officer filed a petition seeking revocation of his supervised release. In a February 6, 2003 proceeding considering that petition, the District Court amended its May 12, 1995 Judgment to require Marchese to make 28 restitution payments, but waived interest on those payments. The District Judge noted that a letter from the Bureau of Prisons advised the Court that Marchese had "chosen to minimize his work hours in order to avoid meeting the requirements for participation in the Bureau of Prison's inmate financial responsibility program," and that he had "flatly refused" a work assignment in a prison factory which would have enabled him to receive the highest possible prison wages. The District Court concluded that, "while incarcerated, the Defendant took every opportunity to avoid this Court's order requiring him to pay restitution."

## II.

Marchese argues that the District Court's amended judgment violated the Double Jeopardy clause of the Fifth Amendment because he had a legitimate expectation that his restitution obligation had been satisfied upon the collection of one half of all his prison wages during his period of incarceration.

It is not clear from the face of the District Court's oral sentencing order, which sets $4,199 as the "amount of loss," whether that amount is the amount of restitution ordered or whether the District Court intended a lower amount because of the defendant's

4

indigence.[3]  The written sentencing order is more specific, listing $4,199 as the "amount of restitution."

This Court has held that when a sentencing court's oral sentence and its written sentence conflict, the oral sentence prevails. *Ruggiano*, 307 F.3d at 133 (citing *United States v. Faulks*, 201 F.3d 208, 211 (3d Cir. 2000)).  Where the oral sentence is merely ambiguous, however, the oral sentencing order must be construed "in the context of the overall proceeding." *Rios v. Wiley*, 201 F.3d 257, 269 (3d Cir. 2000), *cited by Ruggiano*, 307 F.3d at 134.

We conclude that the oral sentence is ambiguous rather than in conflict with the written order.  This Court requires that, at the time of sentencing, a district judge make factual findings concerning, "(1) the amount of loss sustained by the victims, (2) the defendant's ability to make restitution, and (3) how the amount of restitution imposed relates to any loss caused by the conduct underlying the offenses for which [defendant] remains convicted." *United States v. Logar*, 975 F.2d 958, 961 (3d Cir. 1992) (internal citations, quotations and ellipses omitted).  The District Court complied with these requirements, specifically finding that the amount of loss was $4,199 and that Marchese was able to begin restitution payments while in prison.  After hearing of the defendant's

---

[3]We note that this distinction would now be of no consequence to a sentencing court as 18 U.S.C. § 3664 was amended in April 1996, adding § (f)(1)(A) which instructs courts to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." At the time Marchese was sentenced, however, "amount of loss" and "amount of restitution" were not necessarily one and the same.

5

indigence, the District Judge initially expressed his inclination not to order restitution:

> THE COURT: Yes. It is your burden to show the financial resources of the defendant to pay restitution.
>
> MR. BARTKO: Well, the financial burden is placed forth in the presentence report, showing that my client was indigent and has no money right now and with a sentence of even 87 months does not look in the near future to have the financial ability to pay restitution.
>
> THE COURT: That would appear to be correct, as far as I can see.
>
> MR. SWEENEY: I can't refute that, Your Honor.
>
> THE COURT: The Court therefore will not order restitution, finding that the defendant is not financially able to pay restitution.

The prosecutor persisted, however, pointing out that Marchese could earn money while in prison to apply toward restitution:

> MR. SWEENEY: Your Honor, could I ask that the Court order in connection with the sentence that through the Inmate Financial Responsibility Program, that a certain amount of the wages earned on the prison term be applied to restitution?
>
> THE COURT: I don't have any problem with that. We wouldn't know at this time–Well, what I will do is, I will make a finding that the victim is Mr. Schindehette and that the amount of loss is $4,199. I will order that the Probation Office determine what prison funds the defendant does earn and that half of those funds be used to make restitution, whatever that might amount to.
>
> MR. SWEENEY: Thank you, Your Honor.

Although the oral decree did not specify that Marchese's restitution obligation was to continue following his release, it did indicate that "[w]hile on supervised release [Marchese] . . . shall comply with the standard conditions that have been adopted by this Court." Those standard conditions are set forth in detail in the written order, including

6

that "it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release." The standard conditions also provided that the defendant shall follow the instructions of the probation officer, which at the time, included the probation officer's directives as to the payment of restitution. We therefore conclude that an ambiguity existed in the oral sentencing order, but that the written order resolved that ambiguity and that Marchese was required to pay $4,199 in restitution as a term of his supervised release. This obligation did not cease upon his release from prison.

Because restitution was a condition of Marchese's supervised release, "[t]he court may revoke probation or a term of supervised release, or modify the term or conditions of a term of supervised release . . . if the defendant fails to comply with such an order." 18 U.S.C. § 3663(g) (1995). That section goes on to instruct the court that

> [i]n determining whether to . . . modify the term or conditions of probation or supervised release . . . the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

*Id*. The District Court considered these factors after hearing argument and ordered that Marchese make 27 monthly restitution payments of $133.53 per month and one payment of $133.44. In doing so, the District Judge noted that, "this is a reasonable monthly installment schedule which will allow the Defendant to make full restitution to the victim of his offense and provide for the needs of his family." Marchese's failure to avail himself of the opportunity to satisfy this obligation while in prison does not provide a

7

basis for reducing its amount.

III.

Because we conclude that the District Court properly amended Marchese's restitution order following his failure to comply with the terms of the original order under 18 U.S.C. § 3663(g), we hold that the amended order is not a violation of the Double Jeopardy Clause.  Accordingly, we will affirm the order of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

___/s/ D. Brooks Smith_____<br>
Circuit Judge