NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 15-3075

_____

VICTOR RODRIGUEZ,
                                                    Appellant

v.

WARDEN LEWISBURG USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01650)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 10, 2016

Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  March 18, 2016)

_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Victor Rodriguez appeals an order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

In December 2002, Rodriguez pleaded guilty to various charges related to drug trafficking, murder, and criminal possession of a weapon before the United States District Court for the Eastern District of Pennsylvania. The court sentenced Rodriguez on December 18, 2003, to life imprisonment, a $900 special assessment, and a $5000 fine. In August 2014, while incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, Rodriguez filed a § 2241 petition with the District Court for the Middle District of Pennsylvania challenging the execution of his sentence by the Bureau of Prisons ("BOP").

Rodriguez claims that the BOP is calculating the payment due toward his fine under its Inmate Financial Responsibility Program ("IFRP")[1] in a manner that is inconsistent with the sentencing court's judgment. In particular, Rodriguez argues that the inclusion of funds gifted from outside sources (such as family) in calculating his quarterly payment due under IFRP, rather than limiting the calculation to earnings from his prison job, is inconsistent with the terms of his court-imposed sentence. The case was

---

[1] The IFRP is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Those financial obligations generally consist of a fine, an order for restitution, and any special assessment imposed as part of a criminal judgment. Through the IFRP, the BOP is "putting into effect" and "carrying out" the fine portion of Rodriguez's sentence. See McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010).

referred to a Magistrate Judge ("MJ") who recommended that Rodriguez's petition be denied.

The MJ noted in his Report and Recommendation ("R&R") that Rodriguez's written judgment of conviction provided for a sentence of life imprisonment, a $900 special assessment, and a $5,000 fine. See Section 2241 Pet. at 15-19. The MJ further noted that the "written sentencing order did not include any explicit schedule of payments, no restrictions or instructions with respect to how or from what source the fine imposed would be paid, nor any reference whatsoever to the IFRP itself." See R&R at 5. Given the absence of instructions to the contrary, and in accordance with 18 U.S.C. § 3572(d)(1),[2] the MJ concluded that payment of the fine was due immediately and without any limitations or restrictions. See R&R at 5.

While recognizing that an oral sentence prevails when it conflicts with the written sentence, the MJ rejected Rodriguez's contention that the written sentencing order in his case is inconsistent with the oral sentence imposed by the sentencing judge.[3] As with the written order, the MJ noted that the oral sentencing order did not provide for deferred

---

[2] Section 3572(d)(1) provides: "A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."

[3] The language Rodriguez relies on is as follows: "With respect to a fine, the Probation Office's recommendation of a $5,000 fine is accepted. *If the defendant works while in prison*, he will be earning modest amounts, a portion of which can go towards the fine and indeed would probably in all likelihood during the period of his custody complete the payment of the fine." United States v. Rodriguez, No. 98-362, 2011 WL 1303137, at *1 (E.D. Pa. Apr. 6, 2011) (quoting the sentencing colloquy transcript) (emphasis added); see also E.D. Pa. Crim. No. 98-cr-00362-12, Docket Entry # 1084, p.3 (sentencing colloquy transcript).

payment or installments, nor did it provide explicit restrictions or instructions with respect to the source from which the fine would be paid. Id. at 7. The sentencing court's comment regarding the possibility of Rodriguez working while in prison was determined to merely reflect the sentencing court's finding with respect to Rodriguez's ability to pay the fine imposed. See id. (citing § 3572(a) (listing statutory factors to be considered in imposing a fine)).

Finally, the MJ concluded that, at best, the sentencing court's oral sentence is ambiguous on the subject. When construed in the context of the overall proceeding, the MJ determined the sentencing court's statement amounted to nothing more than a comment on Rodriguez's future ability to pay the fine and did not limit the BOP to establishing an IFRP payment schedule based solely on his prison earnings. See id. (citing United States v. Marchese, 87 F. App'x 276, 278 (3d Cir. 2004) (quoting Rios v. Wiley, 201 F.3d 257, 269 (3d Cir. 2000)). The MJ thus recommended that Rodriguez's § 2241 petition – as well as his related motion for a preliminary injunction seeking to have the BOP cease collecting funds for the payment of his fine and refrain from placing him on "IFRP refuse" status – be denied.

Over Rodriguez's objections, the District Court adopted the MJ's R&R, denied the § 2241 petition, and denied his motion for a preliminary injunction. The District Court specifically rejected Rodriguez's argument that the sentencing court's failure to include

4

the desired restriction in his criminal judgment amounted to a mere clerical error that the court should rectify. See Dist. Ct. Order at 3. Rodriguez timely appealed.[4]

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. A challenge to the BOP's IFRP collection mechanism is a challenge to the execution of a sentence properly pursued in a petition under § 2241. See McGee, 627 F.3d at 936-37. In reviewing the denial of a § 2241 petition, "[w]e exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). After carefully considering the record and for substantially the reasons set forth in the MJ's R&R and the District Court's order, we agree with the court's decision to deny his habeas petition on the merits.

There is no provision in § 3572(d) mandating that the order for a fine include a payment schedule that takes into consideration Rodriguez's specific economic circumstances. And, in fact, neither the written or oral judgment in this case contains any such schedule. Rodriguez, thus, is not entitled to the § 2241 relief he seeks. Accordingly, because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[4] Rodriguez does not specifically challenge the disposition of his request for injunctive relief. He limits his notice of appeal to the District Court's order disposing of his § 2241 petition. See Notice of Appeal. We find no abuse of discretion on the part of the District Court in any event. See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).